**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRAMED HOLDING CORP. | ) | Case No. 20-11169 (LSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRAMED AMERICA, INC., | ) | Case No. 20-11170 (LSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| TRELLIS HEALTH, LLC, | ) | Case No. 20-11171 (LSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRAMED FERTILITY HOLDING CORP., | ) | Case No. 20-11172 (LSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| REPRODUCTIVE PARTNERS, INC., | ) | Case No. 20-11173 (LSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRAMED MANAGEMENT OF BRIDGEPORT, LLC, | ) | Case No. 20-11175 (LSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| INTEGRAMED FLORIDA HOLDINGS, LLC, | ) Case No. 20-11176 (LSS) |
| | ) |
| | ) |
| Debtor. | ) |
| | ) |
| In re: | ) Chapter 7 |
| | ) |
| INTEGRAMED MANAGEMENT OF MOBILE, LLC, | ) Case No. 20-11179 (LSS) |
| | ) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) Chapter 7 |
| In re: | ) |
| | ) Case No. 20-11181 (LSS) |
| INTEGRAMED MANAGEMENT, LLC, | ) |
| | ) |
| Debtor. | ) |
| | ) |
| In re: | ) Chapter 7 |
| | ) |
| INTEGRAMED MEDICAL MISSOURI, LLC, | ) Case No. 20-11184 (LSS) |
| | ) |
| | ) |
| Debtor. | ) |

## <u>MOTION FOR JOINT ADMINISTRATION OF CHAPTER 7 CASES</u>

Jeoffrey L. Burtch, chapter 7 trustee (the "<u>Trustee</u>") for the estates (the "<u>Estates</u>") of the above-captioned debtors (the "<u>Debtors</u>") requests entry of an order, substantially in the form attached hereto as Exhibit "<u>A</u>" (the "<u>Proposed Order</u>"), pursuant to Section 105(a) of Title 11 of the United States Code, (the "<u>Bankruptcy Code</u>") and Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), requesting entry of an order (a) providing for joint administration of the above-captioned bankruptcy cases, and (b) granting related relief. In support of this Motion, the Trustee respectfully states as follows:

2

## JURISDICTION, CORE NATURE AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This Motion is a core matter pursuant to 28 U.S.C. § 157(b). Venue is proper in this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are Sections 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Rules 1015-1 and 9013-1(m) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

3.      On May 20, 2020 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code in this Court.

4.      On or about May 21, 2020, Jeoffrey L. Burtch was appointed interim Chapter 7 trustee for the Estates.

## RELIEF REQUESTED

5.      By this Motion, the Trustee respectfully request that the Court enter an Order, substantially in the form attached hereto as Exhibit "A", pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 authorizing and directing the procedural consolidation and joint administration of these cases, and related relief.  The Trustee requests that one file and one docket be maintained for all of the jointly administered cases under the case of IntegraMed Holding Corp., and that the cases be administered under a consolidated caption, as follows:

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRAMED HOLDING CORP., | ) | Case No. 20-11169 (LSS) |
| *et al.,*[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): IntegraMed Holding Corp. (20-11169 LSS), IntegraMed America, Inc. (20-11170 LSS), Trellis Health, LLC (20-11171 LSS), IntegraMed Fertility Holding Corp. (20-11172 LSS), Reproductive Partners, Inc. (20-11173 LSS), IntegraMed Management of Bridgeport, LLC (20-11175 LSS), IntegraMed Florida Holdings, LLC (20-11176 LSS), IntegraMed Management of Mobile, LLC (20-11179 LSS), IntegraMed Management, LLC (20-11181 LSS), and IntegraMed Medical Missouri, LLC (20-11184 LSS).

6.      The Trustee further requests that this Court order that the foregoing caption satisfies the requirements set forth in Section 342(c)(1) of the Bankruptcy Code.

7.      The Trustee also requests that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than IntegraMed Holding Corp. to reflect the joint administration of these cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the cases of IntegraMed Holding Corp. (20-11169 LSS), IntegraMed America, Inc. (20-11170 LSS), Trellis Health, LLC (20-11171 LSS), IntegraMed Fertility Holding Corp. (20-11172 LSS), Reproductive Partners, Inc. (20-11173 LSS), IntegraMed Management of Bridgeport, LLC (20-11175 LSS), IntegraMed Florida Holdings, LLC (20-11176 LSS), IntegraMed Management of Mobile, LLC (20-11179 LSS), IntegraMed Management, LLC (20-11181 LSS), and IntegraMed Medical Missouri, LLC (20-11184 LSS).:   The docket in Case No. 20-11169 (LSS) should be consulted for all matters affecting this case.

## BASIS FOR RELIEF REQUESTED

8.      Federal Rule of Bankruptcy Procedure 1015(b) provides, in pertinent part, as follows:

> *Cases Involving Two or More Related Debtors*.  If a joint petition or two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates.  Prior to

entering an order, the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

9.      Section 101(2) of the Bankruptcy Code defines "affiliate" to include:

(A)      [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;

(B)      [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .

10.      Local Rule 1015-1 provides that the Court may order joint administration of the estates of two or more debtors that are affiliates upon the filing of a motion, together with an affidavit, declaration or verification, which establishes that joint administration is warranted and will ease the administrative burden for the Court and the parties.

11.      Upon information and belief, each of the Debtors are affiliates within the meaning of Section 101(2) of the Bankruptcy Code.  Accordingly, the Court has the authority to grant the relief requested in this Motion.  *See Declaration Concerning Motion for Joint Administration of Chapter 7 Cases*, attached hereto at Exhibit "B".

12.      Given the integrated nature of the Debtors' operations, joint administration of these cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these cases will affect each Debtor entity. The entry of an order directing joint administration of these cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these cases with greater ease and efficiency.

13.     Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these cases. Accordingly, the Trustee submits that the joint administration of these cases is in the best interests of the Estates, their creditors, and all other parties in interest.

14.     An order of joint administration relates to the routine administration of a case and may be entered by the Court in its discretion. *See* Local Rule 1015-1.  Entry of joint administration orders in multiple related cases such as these is common and generally non-controversial in this District and elsewhere.

## CONSENT TO JURISDICTION

15.     Pursuant to Local Rule 9013-l(f), the Trustee consents to the entry of a final order with respect to this Motion if it is determined that the Court lacks adjudicatory authority under Article III of the United States Constitution to enter such final order absent consent of the parties.

## NOTICE

16.     The Trustee has provided notice of this motion to the following parties or their respective counsel: (a) the office of the U.S. Trustee for the District of Delaware; (b) the Debtors' prepetition secured lenders; (c) the Internal Revenue Service; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **CONCLUSION**

WHEREFORE, the Trustees respectfully requests that this Court enter the attached form of order directing joint administration of these cases, and granting such other and further relief as is just and proper.

Dated: May 26, 2020                                    COZEN O'CONNOR

*/s/ Gregory F. Fischer*
Mark E. Felger (No. 3919)
Simon E. Fraser (No. 5335)
Gregory F. Fischer (No. 5269)
1201 N. Market St., Ste. 1001
Wilmington, DE  19801
Telephone:  (302) 295-2000
Facsimile:  (302) 295-2013
E-mail: mfelger@cozen.com
sfraser@cozen.com
gfischer@cozen.com

*Proposed Counsel for the Trustee*